**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JIMMY NAZARIO, JR.,

    Petitioner - Appellant,

v.

JOE ALLBAUGH,

    Respondent - Appellee.

No. 18-6086
(D.C. No. 5:16-CV-01243-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **McKAY**, and **MORITZ**, Circuit Judges.

_____

An Oklahoma state-court jury convicted Jimmy Nazario Jr. of second-degree

murder. *See* Okla. Stat. tit. 21, § 701.8. Before the court is Nazario's appeal of the

district court's denial of his application for relief under 28 U.S.C. § 2254. By

separate order we granted a certificate of appealability on three claims:

    1.    Was trial counsel's performance ineffective in the questioning of
        Priscilla Munoz and Albert Dutchover?

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

2. Was trial counsel's performance ineffective for failing to request an instruction on first-degree manslaughter?

3. Did the [federal] district court err in not conducting an evidentiary hearing?

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court.

## I.

As summarized by the district court,[1] the evidence at trial established the following:

> [Nazario], Priscilla Munoz, Albert Dutchover, and Jose Hernandez were walking towards [Nazario's] home at the Motif Manor Apartments in Lawton, Oklahoma, when they encountered Ervin Manigault in the parking lot. Mr. Manigault approached the foursome, asking if they had been responsible for "tagging" graffiti on the apartments. Although Mr. Manigault's friend, Kaneisha Plummer, described Mr. Manigault as calm and said his arms stayed at his sides while he spoke, Ms. Munoz and Mr. Dutchover described Mr. Manigault as agitated, yelling, and waving his arms in the air. [Nazario] shot Mr. Manigault in the chest, and then again in the back as the victim ran away. Mr. Manigault died from his wounds.

Aplt. App. at 80-81 (citations omitted).[2] Nazario's counsel argued that he acted in self-defense.

Nazario raised his two ineffective-assistance claims in his direct appeal in state court. Regarding his counsel's cross-examination of Munoz and Dutchover, the Oklahoma Court of Criminal Appeals (OCCA), citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984), held that Nazario failed to show that his trial counsel's

---

[1] The district court adopted the magistrate judge's report and recommendation, which included this factual summary.

[2] Citations to the Appellant's Appendix are to the amended appendix filed on September 14, 2018.

2

representation "fell below the wide range of reasonable professional conduct, or that the result of the proceeding would have been different had counsel performed as he now, in hindsight, would have preferred." R. at 215. The OCCA also held that the trial court did not err in failing to give an instruction on first-degree manslaughter because there was no evidence "show[ing] that Nazario's actions were aroused by adequate provocation," as that term is defined by state law. *Id.* at 216 & n.3. The OCCA therefore concluded that his counsel were not ineffective in failing to request that instruction.

In the § 2254 proceeding the district court, having denied Nazario relief under 28 U.S.C. § 2254(d), also denied his request for an evidentiary hearing, citing *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011).

## II.

To show constitutionally deficient performance by counsel, a prisoner must establish both that counsel's performance fell below an objective standard of reasonableness and that there was prejudice as a result. *See Strickland*, 466 U.S. at 688, 692. Further, because the OCCA considered and ruled on the merits of Nazario's ineffective-assistance claims, he is entitled to postconviction relief in federal court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1)-(2).

3

Nazario contends that the OCCA unreasonably applied *Strickland*. "A state court decision involves an 'unreasonable application' of federal law if the state court identifies the correct governing legal principle from Supreme Court decisions but unreasonably applies that principle to the facts of the prisoner's case." *Gonzales v. Tafoya*, 515 F.3d 1097, 1109 (10th Cir. 2008) (brackets and further internal quotation marks omitted). "This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

*Id.* at 102. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.*

### A.

Nazario argues that his trial counsel was ineffective in failing to (1) impeach Munoz and Dutchover with their prior inconsistent statements made during police interviews and in their testimony at the preliminary hearing, and (2) elicit evidence from these prior statements that was favorable to his claim of self-defense.[3] But

---

[3] Nazario argues in his opening brief that evidence not elicited on cross-examination could also have supported a verdict of heat-of-passion manslaughter instead of second-degree murder, or a lesser punishment. But he did not raise this contention in his objections to the magistrate judge's report and recommendation. We therefore deem the argument waived. *See Gardner v. Galetka*, 568 F.3d 862, 871 (10th Cir. 2009).

defense counsel had to be cautious in examining the two witnesses. Their testimony was the only support for Nazario's self-defense claim, so it was important that they be sufficiently credible that the jury would credit this favorable evidence. Impeaching their credibility could be counterproductive. And eliciting prior inconsistent statements, even if their prior statements were more favorable to Nazario than their trial testimony, posed significant risks. Defense counsel did attempt to impeach Munoz and Dutchover to some extent with their prior inconsistent statements, as well as their motives in testifying for the prosecution and their potential bias. What is in question is their choice not to *further* undercut the overall credibility of these two witnesses.

An attorney's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. In particular, "counsel's decisions regarding how best to cross-examine witnesses presumptively arise from sound trial strategy." *Richie v. Mullin*, 417 F.3d 1117, 1124 (10th Cir. 2005). Here, there is no question that defense counsel were fully informed of the relevant evidence. We cannot say that their choice not to pursue further prior inconsistent statements was such obviously poor strategy that the OCCA's application of *Strickland* was objectively unreasonable. Nazario has failed to show that the OCCA's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

5

Nazario also perfunctorily argues that the OCCA's rulings on his cross-examination claims rested on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2) (permitting a court to grant relief when the state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). But he fails to develop this contention sufficiently to allow for appellate review. He does not state specifically what facts the OCCA unreasonably determined, nor does he satisfy his burden under § 2254(d)(2) to rebut the presumed correctness of the OCCA's factual findings with clear and convincing evidence. *See Smith v. Duckworth*, 824 F.3d 1233, 1241 (10th Cir. 2016) ("[A] state court's factual findings are presumed correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence." (internal quotation marks omitted)).

**B.**

Nazario next argues that his counsel were ineffective in failing to request a jury instruction on first-degree manslaughter because the facts supporting the self-defense instruction likewise supported a heat-of-passion manslaughter instruction. The OCCA held that such an instruction was not warranted under Oklahoma law.[4] It therefore rejected Nazario's contention that his counsel were ineffective in failing to request it.

---

[4] Nazario recognized in his district-court brief that the OCCA's decision on the propriety of the instruction was grounded in state law. *See* Aplt. App. at 60-64

Nazario contends that "the OCCA's determination that a manslaughter instruction was not supported on the facts was based on an unreasonable determination of those very same facts." Aplt. Opening Br. at 37. Although he purports to seek relief under § 2254(d)(2), he once again fails to specify any facts that the OCCA unreasonably determined in adjudicating this ineffective-assistance claim. He argues instead that the evidence at trial, which he says the district court "overlooked," *id.*, was *legally* sufficient to support a first-degree manslaughter instruction. But this court will not reexamine the OCCA's determination on a matter of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Accepting the OCCA's holding that an instruction on first-degree manslaughter was not warranted under state law, we conclude that Nazario has failed to show that the OCCA unreasonably applied *Strickland* in rejecting his claim that his counsel were ineffective in failing to request that instruction.

## III.

Last, Nazario contends that the district court erred in not conducting an evidentiary hearing. He argues that because he tried to develop the facts in his appeal to the OCCA by supplementing the record and seeking an evidentiary hearing, the limitations on evidentiary hearings in the district court under 28 U.S.C. § 2254(e)(2) do not apply.

---

(citing Oklahoma authorities). He does not argue otherwise on appeal. *See* Aplt. Opening Br. at 35, 37 (same). (Citations to the Appellant's Opening Brief are to the amended brief filed on September 14, 2018.)

Nazario is mistaken.  Because the OCCA adjudicated his ineffective-assistance claims on the merits, the district court reviewed those claims under § 2254(d). *See Cullen*, 563 U.S. at 181.  Review under § 2254(d)(2) is expressly limited to the evidence that was presented in the state-court proceeding, *see id.* at 185 n.7, and the Supreme Court held in *Cullen* that review under § 2254(d)(1) is likewise "limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 181.  Thus, the district court did not err in denying Nazario's request for an evidentiary hearing.

## IV.

The district court's judgment is affirmed.

Entered for the Court


Harris L Hartz
Circuit Judge